1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

ALBERT K. KWAN,

        Plaintiff,

    v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES, UNITED
STATES DEPARTMENT OF JUSTICE,

        Defendant.

Case No. C03-2626FDB

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

17

**BACKGROUND**

18

      Plaintiff Kwan seeks review of a decision by the Director of Industry Operations of the

19

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF, or Agency) at the United States

20

Department of Justice, that Kwan was not entitled to the renewal of his four federal firearms licenses.

21

Kawn's licenses were as follows:

22

      (a) three licenses were for his premises at 13040 NE 10th Street, Bellevue, Washington 98005

23

(Bellevue licenses) and these licenses permitted Kwan at these premises to

24

         1. Manufacture firearms, 2. Manufacture ammunition, and 3. To import firearms.

25

26

ORDER - 1

1    (b) the fourth license was for his premises at 15005 North McFarland Creek, Boise, Idaho

2   and this license permitted Kwan to manufacture firearms at the Idaho location.  This latter license

3   was the subject of a cause of action originally filed in the District of Idaho and later transferred to

4   this District where it was consolidated.

5    Kawn was denied renewal of his four firearms licenses for two reasons: (1) Kwan had not

6   used his Federal Firearms Licenses for their intended purposes, and (2) Kwan had not cooperated

7   with the ATF inspectors when they attempted to conduct inspections at Kwan's licensed premises.

8    The United States moves for summary judgment, setting forth in its motion, in addition to its

9   argument, the procedural history and the facts relating to the Agency's investigation. (pp. 2-11).

10    In his response, Kwan contends that he had no licensing problems until the Agency demanded

11   that a search of Kawn's entire home be allowed, that the Agency's desire to inventory firearms was

12   inappropriate, that the Agency "will do anything to keep him [Kwan] from any kind of license"

13   [Kwan's Response p. 4], that the Agency tried to influence the City "to deny his home occupation

14   permit" [*id.*], and that Kwan has engaged in business at his Bellevue and Idaho locations.  Kwan also

15   contends that he has submitted applications for a dealer's license, but has not received any response

16   from ATF.

17                              **STANDARD OF REVIEW**

18    Summary judgment should not be granted unless the moving party establishes that there are

19   no genuine issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P.

20   56(c).  If the moving party shows that there are no genuine issues of material fact, the non-moving

21   party must go beyond the pleadings and designate facts showing an issue for trial.  *Celotex Corp. v.*

22   *Catrett*, 477 U.S. 317, 322-323 (1986).  A scintilla of evidence, or that which is merely colorable and

23   not significantly probative, does not present a genuine issue of material fact.  *United Steelworkers of*

24   *America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989), *cert. denied,* 493 U.S. 809 (1989).

25

26   ORDER - 2

1       Section 923(f)(3) of Title 18 provides that the Attorney General's decision to revoke or deny

2   renewal of a Federal firearms license is subject to *de novo* review in the United States District Court.

3   18 U.S.C. § 923(f)(3).  The Court may consider any evidence submitted by the parties to the

4   proceeding whether or not such evidence was considered at the original hearing before the agency,

5   *id.,* and there is no requirement that the Court conduct an additional factual hearing.  *Benjamin v.*

6   *Bureau of Alcohol, Tobacco, and Firearms*, 771 F. Supp. 307, 309-310 (D. Oregon 1991).  The

7   statute allows the District Court to reverse the Attorney General's decision only if the Court finds

8   that "the Attorney General was not authorized to ... revoke the license."  18 U.S.C. § 923(f)(3).

9   **DISCUSSION**

10       Kwan neither denies the Agency's contention that he failed to use the licensed premises in

11   Bellevue to import or to manufacture ammunition, nor did he produce evidence to rebut the

12   Agency's proof that he was not so using the premises.  That leaves the licenses to manufacture

13   firearms at both the Bellevue, Washington and Boise, Idaho locations.  Kwan filed reports with the

14   ATF indicating that he manufactured 21 firearms in 1997, 1 firearm in 1998, and 2 firearms in 1999.

15   The Agency, thus, determined that Kwan was not substantially engaged in the manufacturing of

16   firearms and declined to renew his licenses.

17       Kwan stated in his Declaration that he engaged in the business at his Bellevue and Idaho

18   locations and that he had purchased parts kits and assembled firearms at the two locations, that he

19   would not do any actual metal work there, but would contract that out to another licensee.  (Kwan

20   Decl. p. 4.)  He stated in his deposition the firearms he manufactured were manufactured out of

21   state, some in Ohio, under his direction and supervision. (Kwan Dep., pp. 14-15.)  There is no

22   evidence that any firearms were manufactured on his licensed premises in either Bellevue,

23   Washington or Boise, Idaho. The owner of the Boise, Idaho licensed premises, furthermore, stated to

24   ATF Inspector Hansen that Kwan had never manufactured any firearms at those premises.

25   (Administrative Record (AR) 241-42.)

26   ORDER - 3

To qualify to renew a Federal Firearms License to manufacture firearms, Kwan must meet the statutory requirement of being "engaged in the business." 18 U.S.C. § 921(a)(21)(A) To be "engaged in the business," Kwan must meet the statutory definition as follows:

> [A]s applied to a manufacturer of firearms, a person who devotes time, attention, and labor to manufacturing firearms as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured.

18 U.S.C. § 921(a)(21)(A). Kwan cannot meet the statutory standard through either his collecting firearms or by "supervising" business that is actually conducted elsewhere. Federal firearms licenses are valid only for the location specified on the license. *United States v. Ogles*, 406 F.3d 586, 594 (9th Cir. 2005); and *see United States v. Bailey*, 123 F.3d 1381 (11th Cir. 1997)(conviction for operation of firearms business without a license affirmed where defendant operated the business from his home, which was unlicensed; the Eleventh Circuit held that "Federal firearms licenses are valid only for the location specified on the license." *Id.* at 1388.

The record also reveals that Kwan failed to cooperate when ATF inspectors tried to inspect his licensed premises at both Bellevue, Washington and Boise, Idaho. Kwan makes several references to surgeries that he implies interfered with the inspections; that when he hired an attorney, the ATF never followed up on the Idaho inspection; and regarding the charges that he obstructed the Bellevue inspection, he says his lawyer told him that the ATF "was not interested [in scheduling a follow-up inspection] anymore." (Response, p. 5. ll. 15-18.) Kwan also indicates that the ATF attempted to conduct overly broad inspections, which he refused to permit, and which lead to the ATF's animus toward him.

Kwan's weak assertions fail to convince the Court otherwise than that Kwan failed to cooperate with the inspections that the ATF was entitled to perform. 18 U.S.C. § 923(g)(1(B) provides that

ORDER - 4

1   the Secretary may inspect or examine the inventory and records of a licensed importer
    [or] licensed manufacturer ... without ... reasonable cause or warrant ... (ii) for
2   insuring compliance with the record keeping requirements of [the Gun Control Act]
    not more than once during any twelve-month period."
3
     A willful violation of this statute is a sufficient basis to revoke a Federal firearms license.  *Benjamin*
4
    *v. Bureau of Alcohol, Tobacco & Firearms*, 771 F. Supp. 307, 313 (D. Oregon 1991).
5
                                      **CONCLUSION**
6
            The Court having considered the parties' arguments and evidence herein as well as the
7
    Administrative Record concludes that (1) Kwan was properly found to be not eligible for a Federal
8
    firearms manufacturer's license as provide by 18 U.S.C. § 923(d)(1)(E) because he willfully failed to
9
    engage in any substantial activity involving the manufacture or importing of firearms, or the
10
    manufacturing of ammunition; and (2) Kwan was correctly found to have willfully violated 18 U.S.C.
11
    § 923(g)(1)(B) by failing to cooperate when the agency attempted to conduct an inspection of his
12
    two licensed premises.
13
            NOW, THEREFORE, IT IS ORDERED: Defendant's Motion for Summary Judgment [Dkt.
14
    # 21] is GRANTED
15
            DATED this 17th day of August, 2005.
16

17

18   _____
     FRANKLIN D. BURGESS
19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26   ORDER - 5